IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff-Respondent, | § § | |
| V. | § § | CRIMINAL ACTION NO. H-04-27-4 |
| | § | CIVIL ACTION NO. H-10-142 |
| ARMANDO SANTOS, | § § | |
| Defendant-Movant. | § | |

## MEMORANDUM AND ORDER

Armando Santos filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Docket Entry No. 167).[1] The United States filed an answer and motion to dismiss, (Docket Entry No. 175). Santos filed a response, (Docket Entry No. 176). Based on the motion, answer, motion to dismiss, the movant's response, the record before this court in the underlying criminal case and on appeal, and the applicable case law, the government's motion to dismiss is granted. Santos's motion to vacate, set aside, or correct sentence is denied. Final judgment is entered by separate order. The reasons are explained below.

### I. Procedural History

Armando Santos is currently in the custody of the United States Bureau of Prisons. On January 22, 2004, Santos and four others were indicted for drug trafficking activities. Santos was charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.S. §§ 846, 841(a)(1), 841(b)(1)(A)(ii) (Count One), and possession with intent

---

[1] Armando Santos' Motion to Vacate, Set Aside or Correct Sentence can be found at Docket Entry No. 1 in Civil Action H-10-142 and at Docket Entry No. 167 in Criminal Action No. H- 04-27. References are to the criminal docket entry numbers unless otherwise indicated.

to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B)(ii) and 18 U.S.C. § 2 (Count Three). (Docket Entry No.1). After a three-day jury trial, Santos was found guilty. (Docket Entry No. 69).

Before sentencing, a presentence investigation report ("PSR") was prepared. (Docket Entry No. 78). Santos filed written objections. (Docket Entry No. 77). On February 24, 2005, Santos was sentenced to a 262-month prison term on Counts One and Three, to be served concurrently, concurrent 5-year supervised release terms, and a $200 special assessment. (Docket Entry No. 89, Transcript of Sentencing Hearing, Docket Entry No. 99). Judgment was entered on March 2, 2005. (Docket Entry No. 91).

Santos appealed his conviction and sentence to the Fifth Circuit Court of Appeals, challenging both venue and the sufficiency of the evidence to support his drug conspiracy conviction. The Fifth Circuit affirmed Santos's conviction and sentence on October 25, 2006. (Docket Entry Nos. 161, 162). Santos did not file a petition for writ of certiorari with the United States Supreme Court. Santos's judgment and conviction became final on January 23, 2007, the last day on which Santos could have timely filed for a writ of certiorari by the Supreme Court. *Clay v. United States*, 523 U.S. 522 (2003); *United States v. Gamble*, 208 F.3d 539 (5th Cir. 2000).

On January 14, 2010, Santos filed this § 2255 motion. (Docket Entry No. 167). He argues that his sentence violates the Eighth Amendment because it is not proportionate to the crime; the sentence violated *Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000); the PSR contained errors; and trial counsel provided ineffective assistance. The government has answered and has moved to dismiss the § 2255 motion as time-barred. (Docket Entry No. 175). Santos responded. (Docket Entry No. 176).

## II. Discussion

### A. The Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 provides for a one-year statute of limitations. The statute states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

Santos's conviction became final for the purposes of §2255(1) on January 23, 2007, when the time for filing a petition for writ of certiorari expired. *Clay v. United States*, 537 U.S. 522, 532 (2003); Sup.Ct.R. 13(1) (providing that a petition for writ of certiorari "is timely when it is filed with the clerk of this court within 90 days after entry of the judgment."); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case of which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied."). The one-year limitation period expired one year later on

January 23, 2008. Santos filed his § 2255 motion on January 14, 2010, almost two years after the one-year limitations period expired. The motion is untimely and subject to dismissal absent a showing that a different date beginning the limitations period should be applied under § 2255(2)-(4) or that the limitations period should be equitably tolled.

None of the alternative commencement dates for the one-year limitations period under § 2255(2), (3), and (4) applies. Santos has not alleged that he was in any way impeded from filing a timely § 2255 motion. Nor has Santos alleged a claim based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Finally, Santos has not shown that the facts underlying his claims could not have been discovered through the exercise of due diligence by the time his conviction was final.

The record discloses no basis in the record for extending the limitations period under equitable tolling. The movant bears the burden of establishing equitable tolling, *United States v. Petty*, 530 F.3d 361 (5th Cir. 2008), by showing "'that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Holland v. Florida*, ___U.S.___, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGugielmo*, 544 U.S. 408, 418); *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Equitable tolling is not available to a petitioner who does not act diligently in attempting to meet the one-year limitations deadline. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). Only rare and exceptional circumstances warrant equitable tolling. *United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008) (quoting *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), *cert. denied*, 539 U.S. 952 (2003); *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The Fifth Circuit has approved of equitable tolling only in very limited circumstances, "'principally where the

plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir. 2002) (quoting *Coleman,* 184 F.3d at 402); *see also Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1999), *cert. denied,* 526 U.S. 1074 (1999) (inconsistent ruling by the district court constituted exceptional circumstances warranting the application of equitable tolling principles); *United States v. Patterson,* 211 F.3d 927 (5th Cir. 2000) (rare and exceptional circumstances existed to warrant equitable tolling when the movant was under mistaken impression about the filing deadline was furthered by the District Court); *United States v. Wynn,* 292 F.3d 226, 230 (5th Cir. 2002) (remanding the case for rehearing on equitable tolling because the petitioner alleged that "he was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf"). The Fifth Circuit has disapproved of applying equitable tolling to "garden variety claims of excusable neglect." *Lockingbill v. Cockrell,* 293 F.3d 256, 265 (5th Cir. 2002). And because a prisoner has no right to counsel during a postconviction proceeding, attorney error or neglect does not trigger the application of equitable tolling. *United States v. Riggs,* 314 F.3d 796, 799 (2002).

Santos filed this motion over two years too late. In his response to the government's motion to dismiss, Santos provides no explanation for the more than two year delay between when his conviction became final and when he filed his § 2255 motion. The record does not show that he acted with due diligence. Nor does the record reveal any facts that would constitute a rare or exceptional circumstance. Equitable tolling of the limitations period does not apply.

This case is dismissed because Santos's § 2255 motion was not timely filed.

## III. Certificate of Appealability

Because Santos's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003, 118 S.Ct. 576, 139 L.Ed. 2d 415 (1997). "This is a jurisdictional prerequisite because the COA statue mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeal . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed. 2d 931 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the defendant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. §2253(c)(2), which requires the defendant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282, 124 S.Ct. 2562, 159 L.Ed. 2d, 384 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed. 2d 542 (2000)). Under the controlling statute, this requires the defendant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 Motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed. 2d 931 (2003). To warrant a grant of the certificate as to claims denied on procedural grounds, the movant must show that "jurists of reason

would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed. 2d 542 (2000).

A district court may deny a certificate of appealability on its own, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After carefully considering the record, the court concludes that jurists of reason would conclude without debate that Santos has not stated a valid claim for relief under § 2255. A certificate of appealability will not issue.

After carefully considering the record, the court concludes that jurists of reason would not find this court's procedural rulings debatable. A certificate of appealability will not issue.

## IV. Conclusion and Recommendation

The government's motion to dismiss, (Docket Entry No. 175), is granted. Santos's § 2255 motion to vacate, set aside or correct sentence, (Docket Entry No. 167), is denied. This § 2255 proceeding is dismissed as time- barred. A Certificate of Appealability from this decision is denied.

SIGNED on March 20, 2012, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge